**STATE of Minnesota, Respondent,**

v.

**Robert Edward BURTON, Appellant.**

**No. C7–96–396.**

Court of Appeals of Minnesota.

Dec. 17, 1996.

Review Denied Feb. 26, 1997.

Hubert H. Humphrey III, Attorney General, John B. Galus, Assistant Attorney General, St. Paul, for Respondent.

Roger S. Van Heel, Stearns County Attorney, St. Cloud, for Respondent.

John M. Stuart, State Public Defender, Sharon E. Jacks, Assistant Public Defender, Minneapolis, for Appellant.

Considered and decided by
SCHUMACHER, P.J., and KLAPHAKE and AMUNDSON, JJ.

## OPINION

SCHUMACHER, Judge.

Robert Edward Burton appeals from a conviction for third-degree possession of crack cocaine, arguing the trial court erred in admitting evidence found in violation of his right to be free from illegal searches and seizures under both the Fourth Amendment to the United States Constitution and Article I, section 10 of the Minnesota Constitution. We affirm.

## FACTS

The facts of this case are undisputed. On February 10, 1995, the Central Minnesota Narcotics Task Force was executing a search warrant at an apartment in St. Cloud. While executing the warrant, Officer David McLaughlin let an individual into the building. McLaughlin recognized that person as Burton, a known drug dealer. McLaughlin stopped Burton, ordered him against the wall and proceeded to search him for weapons. As McLaughlin searched Burton's inside right ankle for weapons, McLaughlin testified he "grabbed hold of what [he] believed at that time was to be a large amount of crack cocaine." McLaughlin removed the "golf-ball sized lump" from Burton's sock. McLaughlin seized what turned out to be 14.5 grams of crack cocaine and placed Burton under arrest.

Burton moved to suppress the crack cocaine, arguing the stop and frisk violated the Fourth Amendment, and that the seizure of the cocaine violated both the Fourth Amendment and Article I, section 10 of the Minnesota Constitution. The trial court denied Burton's motion, holding that the stop and search did not violate the Fourth Amendment because McLaughlin had an articulable suspicion that Burton might be involved in criminal behavior. The court also held that the seizure of the crack did not violate the Fourth Amendment because "McLaughlin did not manipulate the object before making his determination." The court did not address whether the "plain feel" exception to the Fourth Amendment applies under the Minnesota Constitution. Burton was found guilty of third-degree possession of crack cocaine. Burton appeals.

## ISSUES

1. Did the patdown search for weapons and the seizure of the crack cocaine violate the Fourth Amendment?

2. Does Minnesota recognize a "plain feel" exception to the warrant requirement under Article I, section 10 of the Minnesota Constitution?

## ANALYSIS

[W]hen reviewing a pre-trial order suppressing evidence where the facts are not in dispute and the trial court's decision is a question of law, the reviewing court may independently review the facts and determine, as a matter of law, whether the evidence need be suppressed.

*State v. Othoudt,* 482 N.W.2d 218, 221 (Minn. 1992).

1. **Fourth Amendment**

*Stop and Search for Weapons*

■ Generally, an officer may stop and pat down a suspect for weapons if the officer has a reasonable, articulable suspicion that a suspect might be engaged in criminal activity and might be armed and dangerous. *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). The stop may occur during the execution of a search warrant where the *Terry* elements arise. *See Ybarra v. Illinois,* 444 U.S. 85, 93–94, 100 S.Ct. 338, 343, 62 L.Ed.2d 238 (1979) (employing *Terry* standard in context of execution of search warrant).

■ The record shows that Burton entered a known "crack house" during a drug bust. McLaughlin testified he knew Burton by sight because of Burton's past drug dealing. McLaughlin testified that it was his experience that drug dealers carried weapons. Because of this reasonable and articulable suspicion, McLaughlin's stop and patdown search of Burton did not violate the Fourth Amendment.

### Seizure

■ During a *Terry* search, weapons may be seized along with contraband observed by the officer in "plain view." *United States v. Hensley,* 469 U.S. 221, 235, 105 S.Ct. 675, 683–84, 83 L.Ed.2d 604 (1985). In *Minnesota v. Dickerson,* 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) *(Dickerson II )*, the United States Supreme Court held that contraband may be seized when discovered by the "plain feel" of the officer. *Id.* at 376–77, 113 S.Ct. at 2137–38.

In *Dickerson II,* the police observed the defendant leaving a known crack house. *Id.* at 368–69, 113 S.Ct. at 2133. Based on the defendant's evasive conduct, the police decided to investigate and ordered the defendant to submit to a patdown search. *Id.* at 369, 113 S.Ct. at 2133. While conducting the search, an officer felt a small lump in the defendant's jacket pocket, which he did not believe to be a weapon. *Id.* After squeezing, sliding, and manipulating the contents of the pocket, the officer retrieved a small bag containing crack cocaine. *Id.* at 369, 113 S.Ct. at 2133–34. The defendant sought to suppress the seizure of cocaine, arguing there is no "plain feel" exception to the Fourth Amendment. *Id.* at 369, 113 S.Ct. at 2134.

The Supreme Court disagreed, reasoning that

[i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be jus-

tified by the same practical considerations that inhere in the plain view context.

*Id.* at 375–76, 113 S.Ct. at 2137 (footnote omitted). The Court concluded that under the facts and circumstances in *Dickerson II,* the officer did not have probable cause to believe that the object was cocaine before he seized it, therefore, the continued search of the defendant's pocket after having concluded that it did not contain a weapon could not be supported under *Terry.* *Id.* at 378–79, 113 S.Ct. at 2138–39.

This case is distinguishable from *Dickerson II.* The record shows McLaughlin searched Burton's ankle area because McLaughlin knew from experience that weapons were often carried there. McLaughlin testified that he knew immediately that the "golf ball sized" hard lumpy object in Burton's sock was crack cocaine. McLaughlin also testified he grabbed the object, did not manipulate it, and knew it was crack "just because of the way it felt." McLaughlin did not violate Burton's Fourth Amendment rights when he seized the crack cocaine.

### 2. Minnesota Constitution

■ Whether there is a "plain feel" exception to the warrant requirements in Article I, section 10 of the Minnesota Constitution is an issue of first impression. The Minnesota Supreme Court did not address the issue in *State v. Dickerson,* 481 N.W.2d 840 (Minn. 1992), *aff'd,* 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) *(Dickerson I ).* A state court may exercise an independent right to interpret its own constitution. *Michigan v. Long,* 463 U.S. 1032, 1041, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983).

■ The facts in this case are compelling for adoption of the "plain feel" exception to the Minnesota Constitution. McLaughlin testified he did not manipulate the object and knew immediately it was crack cocaine. As the Supreme Court recognized, the "seizure of an item whose identity is already known occasions no further invasion of privacy." *Dickerson II,* 508 U.S. at 377, 113 S.Ct. at 2138. By contrast, the officer in *Dickerson I,* testified he manipulated the lump to determine it was contraband. 481 N.W.2d at 844.

Article I, section 10 of the Minnesota Constitution does not provide greater protection than the Fourth Amendment in this situation. We find no compelling reason why Minnesota should not adopt the "plain feel" exception to the Minnesota Constitution.

## DECISION

The search and seizure of crack cocaine did not violate Burton's Fourth Amendment rights. The plain feel exception to seizure of contraband applies to Article I, section 10 of the Minnesota Constitution.

**Affirmed.**