STATE of Minnesota, Respondent,

v.

Charles William LEMERT, Appellant.

No. A12–0050.

Court of Appeals of Minnesota.

March 25, 2013.

Lori Swanson, Attorney General, Jennifer Coates, Assistant Attorney General, St. Paul, Minnesota; and Michelle M. Zehnder Fischer, Nicollet County Attorney, St. Peter, MN, for respondent.

Carson J. Heefner, Heefner Nelson Law, St. Paul, MN, for appellant.

Considered and decided by STONEBURNER, Presiding Judge; HUDSON, Judge; and KIRK, Judge.

## OPINION

HUDSON, Judge.

Appellant challenges the denial of his motion to suppress evidence resulting from a pat search after police stopped a truck in which he was a passenger, based on reasonable suspicion that the driver was involved in selling large amounts of methamphetamine. Based on appellant's presence in a vehicle stopped on suspicion that its driver had recently engaged in large-scale drug activity, police had an objectively reasonable basis to pat search appellant. Accordingly, we affirm appellant's conviction.

## FACTS

Following a stop of a truck based on reasonable suspicion that the driver was involved in large-scale drug activity, police pat searched appellant Charles Lemert, who was a passenger in the vehicle, and recovered methamphetamine. The state charged appellant with one count of fifth-degree controlled-substance possession in violation of Minn.Stat. § 152.025, subd. 2(a)(1) (2010). Agents with Minnesota River Valley Drug Task Force had received information that the truck's driver, T.A., had been dealing large amounts of methamphetamine and that on the day of the stop, T.A.'s truck had been used in a controlled buy of methamphetamine. T.A.'s residence was placed under surveillance, and when agents observed T.A. leave the residence in the truck, they followed him and performed the stop.

The agents ordered T.A. from the truck and placed him in a squad car. One agent also ordered appellant out of the truck and asked him to stand facing the truck. The other agent, who testified at the evidentiary hearing on appellant's motion to suppress evidence, approached appellant. That agent testified that, prior to the stop,

he had received information from a different officer that appellant had received methamphetamine from T.A. The agent asked appellant his name; appellant replied, "Chuck." About the same time, the agent pat searched appellant. While doing so, he felt an object in appellant's pocket that he recognized as a pipe generally used for smoking controlled substances. The agent removed all items from appellant's pocket, which included a glass vial containing a substance later identified as methamphetamine.

The agent testified that he did not rely on the prior information about appellant's drug-related activity with T.A. in performing the pat search because the agents who performed the stop were unaware of appellant's identity at the time of the stop. He testified that there was no direct evidence that appellant had been involved in the controlled buy earlier that day; he had no specific awareness that appellant possessed a weapon; and the agents had not observed appellant make any unusual or furtive movements or gestures. The agent testified that he observed a pouch on appellant's belt, which he believed could have contained a knife or weapon, but the record is not clear that the agent saw this pouch before the pat search. He testified that he conducted the search based on officer-safety considerations, relying on a department felony-stop protocol, which directed that persons removed from a vehicle when drug transactions are involved should be pat searched because of the potential for the presence of weapons, as people involved in drug transactions often possess weapons, and the use of drugs, including methamphetamine, may cause unpredictable and erratic behavior.

The district court denied the motion to suppress, concluding that the pat search was not an unreasonable search and seizure. The district court concluded that,

even though caselaw indicates that police may not conduct a frisk during every stop, the Minnesota Supreme Court has recognized that in certain circumstances, the right to frisk follows directly from the right to stop, such as when a stop involves suspected dealing in large amounts of narcotics. *See State v. Payne*, 406 N.W.2d 511, 513 (Minn.1987). The district court found that the following objective facts existed to justify the pat search: that T.A. sold about one-fourth of an ounce of methamphetamine earlier that day, using the truck, with the assistance of a third party named "Curt"; that T.A. sold additional methamphetamine a few days earlier; that the use of drugs, including methamphetamine, may cause unpredictable or erratic behavior; that persons in drug sales often possess weapons, including firearms; that the truck containing T.A. and appellant left T.A.'s residence, where a drug sale had occurred two days earlier; and that appellant was the sole passenger in the truck, when the purpose of the stop was to arrest T.A. for the recent drug sale. The district court conducted a stipulated-facts trial and found appellant guilty. This appeal follows.

## ISSUE

Did the police have an objective basis for believing that appellant may have been armed and dangerous, justifying a pat search?

## ANALYSIS

 This court reviews de novo the district court's pretrial order regarding suppression of evidence to determine whether the district court erred as a matter of law in making its decision. *State v. Askerooth*, 681 N.W.2d 353, 359 (Minn. 2004). The United States and Minnesota Constitutions guarantee an individual the right to be secure from unreasonable

searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Subject to a few exceptions, warrantless searches are per se unreasonable, *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967), but police may conduct a limited investigatory stop if an officer has a reasonable, articulable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). Courts must "balance the government's need to search or seize a vehicle's occupants against the individual's right to personal security free from arbitrary interference by law officers." *State v. Ortega*, 770 N.W.2d 145, 152 (Minn.2009) (quotation omitted). The state has the burden to prove that an exception to the warrant requirement applies. *State v. Ture*, 632 N.W.2d 621, 627 (Minn.2001).

■■■ "A *Terry* stop permits an officer who suspects that an individual is engaged in illegal activity and also believes that a suspect may be armed and dangerous to frisk the subject in order to reduce concerns that the suspect poses a danger to officer safety." *State v. Flowers*, 734 N.W.2d 239, 250–51 (Minn.2007). "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence." *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972). An officer must have an "objective articulable basis" that a person may be armed and dangerous to conduct a lawful pat search. *In re Welfare of M.D.R.*, 693 N.W.2d 444, 450 (Minn.App. 2005), *review denied* (Minn. June 28, 2005). The "examination of reasonableness is a fact-sensitive inquiry." *Askeroth*, 681 N.W.2d at 368. "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27, 88 S.Ct. at 1883.

■■■ Appellant argues that his mere association with a suspected drug dealer, without more, did not provide objective circumstances to justify the pat search. As appellant notes, this court has rejected the "automatic companion" rule, which permits a pat-down search on the sole basis that a companion of an arrestee is located in the immediate vicinity of the arrest. *See State v. Eggersgluess*, 483 N.W.2d 94, 98 (Minn.App.1992) ("The mere fact that respondent accompanied others who were suspected of criminal activity is insufficient to justify a weapons search of the respondent."). And reasonable suspicion to believe that a person may have committed a minor violation does not, by itself, provide an objective basis for a pat search on the ground that a suspect or his companion may be armed or dangerous. *See, e.g., Flowers*, 734 N.W.2d at 251 ("Under the Minnesota Constitution, a police officer may not conduct a *Terry* search *solely* because an individual is driving a vehicle that does not have a functional license-plate light."); *State v. Varnado*, 582 N.W.2d 886, 890 (Minn.1998) (concluding that police lacked an objective basis to frisk a driver stopped for cracked-windshield violation in a high-crime area); *Eggersgluess*, 483 N.W.2d at 97 (concluding that an officer was not justified in conducting a pat search of a passenger when stopping the driver for an open-bottle violation).

■■■ But the Minnesota Supreme Court has recognized that when police conduct a stop on reasonable suspicion of a crime of violence, "the right to conduct such a frisk follows directly from the right to stop the person." *Payne*, 406 N.W.2d at 513.

[L]ower courts have been inclined to view the right to frisk as automatic

"whenever the suspect has been stopped ... [for] a type of crime for which the offender would likely be armed ... [including] such suspected offenses as robbery, burglary, rape, assault with weapons, homicide, and dealing in large quantities of narcotics."

*Id.* (quoting 3 W. LaFave, Search and Seizure § 9.4(a), at 506 (1987)). And it stands to reason that when a stop is conducted on reasonable suspicion of large-scale drug activity, a reasonable officer may conclude that such circumstances provide an objective basis for pat searching a passenger, as well as the suspect driver. *See United States v. Bustos–Torres,* 396 F.3d 935, 943 (8th Cir.2005) (recognizing that weapons and violence are frequently associated with drug transactions); *United States v. Menard,* 95 F.3d 9, 11 (8th Cir. 1996) (holding that an officer recognizing one car passenger as a known drug trafficker had a reasonable basis for a minimally invasive weapons search of the other passengers); *State v. Burton,* 556 N.W.2d 600, 602 (Minn.App.1996) (recognizing that an officer's experience that drug dealers carried weapons provided justifiable grounds for a pat search). We therefore conclude that a passenger's presence in a vehicle with a person who has been suspected of trafficking in large quantities of illegal drugs provides an objective basis to pat search that passenger. This is particularly true when, as here, police have received information that recent drug activity has occurred in the vehicle and the suspected drug involved is methamphetamine, which frequently coexists with erratic behavior.

▆▆▆ Appellant argues that the record shows that he complied with the officer's requests, he made no furtive movements, and the officer saw no evidence of drugs in his possession before performing the pat search. He also points to the officer's testimony that he was merely following departmental policy by pat searching all occupants in the vehicle. Appellant's arguments are not frivolous. *See Askerooth,* 681 N.W.2d at 365 (concluding that confining a defendant in a police squad following a traffic stop was unreasonable when supported only by department policy, which was based on officer convenience). But if an objective basis exists for an arrest or search, that arrest or search is lawful even if an officer's action was based on the wrong ground or involved an improper motive. *State v. Everett,* 472 N.W.2d 864, 867 (Minn.1991). The district court did not err by evaluating the circumstances surrounding the search under the objective standard: whether a reasonable person in the officer's position would have believed that appellant may have been armed and dangerous. *Terry,* 392 U.S. at 27, 88 S.Ct. at 1883. And we agree with the district court that these circumstances would provide an officer conducting the stop with an objectively reasonable belief that appellant may have been armed and dangerous, affording a basis for conducting the pat search.

We additionally note that, before the stop, the officer who searched appellant learned from another officer that appellant had engaged in previous drug activity with T.A. The record shows that at about the same time as the pat search, the officer asked appellant his name, and he responded, "Chuck." The officer testified that he did not rely on appellant's identity in conducting the pat search. But we conclude that, although not dispositive, the additional circumstance of police knowledge that appellant had conducted drug activity with T.A., who was suspected of dealing large quantities of methamphetamine, would also support the officer's reasonable belief that appellant was armed or dangerous. *See Olson v. Comm'r of Pub. Safety,* 371 N.W.2d 552, 555 (Minn.1985) (recognizing

426

that officer's and dispatcher's collective knowledge may provide reasonable articulable suspicion); *State v. Conaway*, 319 N.W.2d 35, 40 (Minn.1982) ("Under the 'collective knowledge' approach, the *entire* knowledge of the police force is pooled and imputed to the arresting officer for the purpose of determining if sufficient probable cause exists for an arrest.").

## DECISION

Appellant's presence in a vehicle stopped by police on reasonable suspicion that the driver had recently engaged in large-scale drug activity in the vehicle provides an objectively reasonable basis to support a pat search of appellant for officer safety, and the district court did not err by denying appellant's motion to suppress evidence resulting from the search.

**Affirmed.**